RALPH C. JOHNSON & others, executors, *vs.* PHILO HERSEY
& others, and GEORGE G. PIERCE & others, trustees.

Waldo.    Opinion June 9, 1879.

*Partnership.    Trustee process.    Trust.*

Where one partner, without the knowledge or consent of his copartner, pays
his own note to a private creditor out of the funds of the insolvent firm,
such creditor knowing that the money belonged to the firm, the funds so
received will be regarded as held by the private creditor in trust for the
benefit of the firm, and may be attached in his hands upon a trustee pro-
cess instituted against the firm by one of its creditors.

ON REPORT.

ASSUMPSIT on a promissory note of the following tenor :

" For value received we promise to pay R. C. Johnson or order
two thousand dollars one year from date, with interest semi-annu-
·ally at six per cent as it accrues. (Signed) Hersey & Woodward,
prin. H. H. Johnson, surety. Belfast, Dec. 7, 1869."

Writ dated March 15, 1878, and was served same day on Bel-
fast National Bank, trustee.

The facts sufficiently appear in the opinion.

The question of the liability of the trustee was submitted to the
law court upon so much of the disclosure, allegations and testi-
mony as is legally admissible, and judgment to be rendered in
accordance with the law.

*W. H. Fogler*, for the plaintiffs.

*J. Williamson*, for the trustee, among other things, said :

I. The bank cannot be charged under general provisions of R.
S., c. 86, because ordinary trustee process will not lie unless the
trustee owes the principal defendant money, or is otherwise liable
to be sued by him. *Skowhegan Bank* v. *Farrar*, 46 Maine, 293.

II. And no suit could be here brought by the principal defend-
ant against the bank. *Farley* v. *Lovell*, 103 Mass. 387. *Homer*
v. *Wood*, 11 Cush. 62. *Tay* v. *Ladd*, 15 Gray, 296. *Jones* v.
*Yates*, 9 B. & C. 532. *Wallace* v. *Kelsall*, 9 M. & W. 274.
*Gordon* v. *Ellis*, 7 M. & Sol. 607.

III. Nor could Hersey, one of the principal defendants, sue alone. *Wells* v. *Mitchell*, 1 Ire. Law. 484.

IV. Nor can the bank be charged under the special provisions of R. S., c. 86, § 63; for there was no actual fraud on the creditors of the firm. No fraud in law is to be inferred from the simple fact of taking payment from firm funds. *Wallace* v. *Kelsall*, 7 M. & W. 272. No constructive fraud. The bank must have had knowledge of the design of the principal. *Blodgett* v. *Chaplin*, 48 Maine, 322.

V. The bank had a right to receive payment made to it on account of Woodward's debt. *Ridley* v. *Taylor*, 13 East. 175.

VI. Hersey had means of knowing that the transaction had taken place. All the circumstances show a precedent authority or subsequent ratification on the part of Hersey. Direct evidence is not required. *Sweetsir* v. *French*, 2 Cush. 309. *Ex parte Berbonus*, 8 Ves. Jr. 540. *Kendall* v. *Wood*, (L. R.) 6 Ex. 243. *Smith* v. *Hill*, 45 Vt. 90. *Swan* v. *Stedman*, 4 Met. 848. *Butler* v. *Stocking*, 8 N. Y. 408. *Carter* v. *Beaman*, 6 Jones (Law), 44.

VII. It falls within the powers of a partner to pay his private debt by setting it off against the debt due his firm. *Ex parte Kirby*, Buck's R. on Banks, § 511. *Henderson* v. *Weld*, 2 Camp. N. P. R. 561. And he may make an executory contract to this effect. *Perry* v. *Butt*, 14 Ga. 699. *Greeley* v. *Wyeth*, 10 N. H. 15. *Hills* v. *Coe*, 4 McCord (Law), 136. *Tay* v. *Ladd*, 15 Gray, 296.

He can equally well pay it in money of the firm. A partner has the power of disposing of the assets of the firm beyond a mere agency. Pars. Part. (3 ed.) 170, 171.

This is not the attempt to bind all the partners by an executory contract made by one partner, but an executed payment of money. *Dob* v. *Halsey*, 16 Johns. 34. It is not the case of a partner trying to fix a contract upon a partner, but of a partner trying to impeach a payment by a fellow partner. *Homer* v. *Wood*, 11 Cush. 62.

VIII. *Rogers* v. *Batchelor*, 12 Pet. 221, is criticised at great length in *Locke* v. *Lewis*, 124 Mass. 1. *Caldwell* v. *Scott*, 54

N. H. 414, is decided on the weight of New Hampshire authorities.

Counsel also cited *Ex parte Yonge,* 3 Ves. & B. 36. Colly. Part. (5 Am ed.), § 182. *Anthony* v. *Wheaton,* 7 R. I. 490. *Carter* v. *Beaman,* 6 Jones (Law), 44. *Duncan* v. *Loundes,* 3 Camp. 478. *Halls* v. *Kirkpatrick,* 4 McCord, 136.

PETERS, J. The bank (alleged trustee) held a note against Woodward, one of the firm of Hersey & Woodward. The firm was insolvent. Without the knowledge or consent of his partner, Woodward drew drafts upon the copartnership funds, and passed them to the bank in payment of his individual note. The bank knew that it was a misapplication of the funds of the firm, as the papers were, *per se,* a perfect notice of the fact. A creditor of the firm has sued the partners upon a firm debt, and trusteed the bank for the sums thus paid on Woodward's private note. Can the attachment be sustained? We think it can.

One side of the question is, that the creditors can have no legal remedy because the partnership has none; that one partner has the power to transfer the partnership property without the consent of the copartners; that by his act the title passes out of the firm and vests in the transferee, when no fraud is intended, and can be reached by creditors or partners only in equity; that there can be no legal remedy.

The other side of the question is, that the transfer of partnership property by one partner, without the consent of his copartners, to pay a private debt of his own, is a fraud upon his copartners, unless the firm has enough to pay all its debts and liabilities; that, if the title in any way passes to the transferee, he holds it in trust for the benefit of the partners and not for himself; and that partnership creditors can avail themselves of this right of the partnership, in an action at law, by an attachment of the property. We hold this position to be the just and correct one.

Judge Story declares that the private creditor can have no better title to the funds than the partner himself had, and pronounces a creditor's acceptance of them as an illegal conversion of the funds of the firm. *Rogers* v. *Batchelor,* 12 Pet. 221. *Hoxie* v.

*Carr*, 1 Sumn. (C.C.) 181. *Kelly* v. *Greenleaf*, 3 Story, 93. He denominates the partners as having a lien upon the property for firm debts, and creditors of the firm as having a *quasi* lien thereon. Story Part. § 360. Lord Eldon called the partner's right an equity amounting to something like lien. *Ex parte Williams*, 11 Ves. 5. Chief Justice Gibson describes the right thus: "The principle which enables partners to pledge to each other the joint effects as a fund for the payment of the joint debts has introduced a preference in favor of joint creditors." *Doner* v. *Stauffer*, 1 Penn. 198. Chancellor Kent says: "Creditors have no lien upon the partnership effects for their debts. Their equity is the equity of the partners operating to the payment of the partnership debts." 3 Kent Com. 65. It is commonly said in the cases that the preference of the creditors is "worked out" through the equity of the partners. The lien is waived if all the partners assent to or join in the sale of partnership goods to pay the debt of one partner. Kent Com. *supra*. Chancellor Kent has been supposed to favor the theory of a creditor's lien more strongly than some other jurists have, and the New York court, in a comparatively late case (*Menagh* v. *Whitwell*, 52 N. Y. 165), say: "The better opinion is, at this time, in accord with the views of Chancellor Kent, that the partnership debts have in equity an inherent priority of claim to be discharged from the joint property."

The principle seems to amount to this, that the partners hold the lien for themselves and creditors. It is theirs for the benefit of their creditors. They can not benefit themselves thereby, excepting as they confer benefit upon their creditors. It is principally through proceedings for the benefit of creditors that the lien is ever maintained and upheld. The lien or equity of the partners, until waived by the partners, holds the property in a condition where it can be taken by creditors. As soon as an attachment of it is made, the lien of the partners by operation of law, so to speak, becomes transferred to the creditor, putting it beyond the further control of the firm.

What need of a resort to equity in such a matter as this? The legal remedy is more expeditious and efficacious, simple and satis-

factory. You may go into equity, but why be compelled to, when a proper result can be "worked out" in a more direct and cheaper way. No other creditor complains, requiring a distribution of the fund. The objection is, that it is assuming equity powers in a court of law. But a good deal of equitable remedy in partnership matters has already been imported into the law. In this respect the law in this state has been advancing, as late cases will show. *Hacker* v. *Johnson*, 66 Maine, 21. *Parker* v. *Wright, Id.* 393. Joint creditors have the primary claim upon the joint fund, in the distribution of the assets of partners, when in bankruptcy or insolvency. 3 Kent Com. 64. So in cases of general assignments for the benefit of creditors. *Wilson* v. *Robertson*, 21 N. Y. 587. *Merrill* v. *Wilson*, 29 Maine, 58. *Howe* v. *Lawrence*, 9 Cush. 553.

It is rather strange that a question of such practical interest and importance as this is should not have been discussed in any reported case in this state. There is not much authority upon the question to be found elsewhere. The case of *Caldwell* v. *Scott*, 54 N. H. 414, is, however, in point, and coincides with our view. *Arnold* v. *Brown*, 24 Pick. 89, indirectly decides the question, we think, the same way. *Locke* v. *Lewis*, by implication, admits the principle. (124 Mass. 1). Other cases are more or less to the same effect. *Williams* v. *Brimhall*, 13 Gray, 462. *Tay* v. *Ladd*, 15 Gray, 296. *Commercial Bank* v. *Wilkins*, 9 Maine, 28. *Yale* v. *Yale*, 13 Conn. 185. *Wells* v. *March*, 30 N. Y. 344. *French* v. *Lovejoy*, 12 N. H. 458. *Homer* v. *Wood*, 11 Cush. 62. In the case last cited it was held that partners could not jointly sue to recover a debt which one of the partners had released in payment of his own individual indebtedness. The decision is upon the ground that one of the plaintiffs was equally with the defendant guilty of the fraud.

In the case at bar no such difficulty about the joinder of parties is encountered. We also avoid the question whether it makes a difference that the private creditor does not know that he is receiving partnership funds. Upon this point the authorities disagree. *Locke* v. *Lewis, supra. Rogers* v. *Batchelor, supra. Ferson* v. *Monroe*, 21 N. H. 221. *Geery* v. *Cockroft*, 33 Sup.

Ct. (N. Y.) 146, and cases cited. Another question has been mooted, not arising here, and that is whether an action may be sustained in the name of one partner alone where the copartner and another person have jointly committed a fraud upon the partnership. It has been decided that it cannot be. *Wells* v. *Mitchell,* 1 Ire. (L. R.) 484. *Miller* v. *Price,* 20 Wis. 117. And, under some circumstances, that it can. *Calkins* v. *Smith,* 48 N. Y. 614.

No other points raised can change the result.

*Trustees charged for $500.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and LIBBEY, JJ., concurred