RALPH C. JOHNSON and others, executors,

*vs.*

PHILO HERSEY and another, and GEORGE G. PIERCE
and others, trustees.

Waldo.    Opinion March 30, 1882.

*Trustee Process.    Partnership assets.    Individual debts.*

The funds of an insolvent firm, paid by one partner upon his private debt, without the consent of the copartner, may be attached in the hands of the private creditor, by trustee process in behalf of a firm creditor, the private creditor knowing when he received the funds that they belonged to the firm.

The principle applies, although the note upon which the payment is made, be the single partner's note with the copartner's name thereon as a surety; and although the money be collected by a draft given in the name of the firm to the order of an agent of the private creditor.

ON REPORT.

Assumpsit upon a promissory note of two thousand dollars.

The question presented by the report was the liability of George G. Pierce and A. B. Mathews as trustees.

In May, 1874, and long before, the defendants were partners under the firm name of Hersey and Woodward. In 1873, one of the defendants, Woodward, gave Pierce a note for five hundred dollars, signed by Woodward as principal and the other defendant, Hersey, as surety. Pierce left the note at the Belfast Savings Bank on his departure for Chicago. May 1, 1874, without the authority, knowledge or consent of Hersey, Woodward drew two drafts in the name of the firm, one for three hundred dollars on D. M. Hodgden and Company, of Boston, and the other for two hundred and thirty-five dollars on Leland, Rice and Company, of Boston, and paid and delivered the same to the treasurer of the Savings Bank to pay the Pierce note. The drafts were upon funds of the firm and were accepted and paid and the treasurer of the Savings Bank sent to Pierce the five hundred and thirty-five dollars by draft on Howard National Bank, Boston.

In the case of Mathews, the report shows that he sold Woodward some furniture and that Woodward paid him on account

one hundred dollars by the draft of Hersey and Woodward on D. M. Hodgden and Company, without the authority, knowledge or consent of Hersey. Mathews testified that at the time he received the draft, he did not know anything about the financial condition of Hersey and Woodward, that he had no reason to believe the firm insolvent, and that he did not know whether or not Woodward paid the firm for the draft.

*William H. Fogler*, for the plaintiffs, cited : *Blodgett* v. *Sleeper*, 67 Maine, 499 ; *Johnson* v. *Hersey*, 70 Maine, 74 ; *Ex parte Weston*, 12 Met. 1 ; *Ex parte First National Bank*, 70 Maine, 373.

*N. H. Hubbard*, for the trustees.

The drafts in this case were discounted by the bank and became the property of the bank, the proceeds were the property of Hersey and Woodward and by direction of Woodward were applied to the payment of the Pierce note, and the mis-appropriation was by the bank and not by Pierce who could have no knowledge from whose funds or how his note was paid.

PETERS, J. In this case, as to the other trustees, it was held, that, "where one partner, without the knowledge or consent of his copartner, pays his own note to a private creditor out of the funds of the insolvent firm, such creditor knowing that the money belonged to the firm, the funds so received will be regarded as held by the private creditor in trust for the benefit of the firm, and may be attached in his hands upon a trustee process instituted against the firm by one of its creditors." *Johnson* v. *Hersey*, 70 Maine, 74 ; *Blodgett* v. *Sleeper*, 67 Maine, 499, is in accord with *Johnson* v. *Hersey*.

We perceive no difference between the facts presented then and those presented now which will enable the present parties to avoid the application of the principle established by the former decision. There, the single partner's note did not have the copartner's name upon it. Here, it has the copartner's name upon it as a surety. This does not, however, make the note a partnership note, the funds given for it having been a loan to the single partner and not to the firm. *Ex parte First National*

*Bank*, 70 Maine, 369, and cases there cited by the counsel and court.

Here, the money was not collected by the private creditor himself, but his note was collected by an agent, who received therefor drafts drawn in the partnership name, and forwarded the proceeds thereof to his principal. This fact cannot change the principal's reponsibility. The private creditor got his payment of the debt out of a fund which belonged to partnership creditors and not to him.

*Trustees charged.*

APPLETON, C. J., BARROWS, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.