FERRY *v.* HOME SAVINGS BANK.

1. GARNISHMENT — BANK DEPOSIT IN NAME OF THIRD PERSON —
KNOWLEDGE OF GARNISHEE—QUESTION FOR JURY. ·
In garnishment it appeared that a draft came to the gar-
nishee bank, indorsed by one of its directors as secretary and
treasurer of the principal defendant, a corporation, and was
forwarded for collection; that nearly one-half of the proceeds
were used to pay an overdraft due the bank from the princi-
pal defendant, and that the balance was credited to the teller
of the bank, as agent of the director who indorsed the draft;
that it was so credited when process was served in the gar-
nishment proceeding, and was subsequently turned over to
the treasurer of the corporation upon the teller's check; that
the bank at the time held as security all of the stock of the
principal defendant, except three shares, and had possession
of its books.   It was undisputed that the money belonged in
fact to the principal defendant.   *Held*, that it was for the
jury to determine whether the bank had knowledge of the
ownership of the fund.

2. SAME — PAYMENT AFTER SERVICE OF PROCESS — LIABILITY OF
BANK.
If the bank, at the time of service of process, knew that
the fund belonged to the principal defendant, it would be
liable,. notwithstanding the deposit stood in the name of a
third person.

3. SAME — INDIVIDUAL DEBT OF CORPORATE OFFICER — PAYMENT
OUT OF CORPORATE FUNDS.
The bank would likewise be liable, under 3 How. Stat. §
8059, for moneys belonging to the principal defendant, paid
to it without authority as interest upon the individual debt
of the defendant's president, if it received such moneys with
knowledge that they were corporate funds.

4. SAME—BONA FIDE CREDITOR—EVIDENCE.
The plaintiff's judgment against the principal defendant
having been attacked by the garnishee on the ground that it
was based upon a note received by plaintiff after maturity,
and without consideration, several months after the pay-
ments sought to be reached were made, it was error to ex-
clude testimony offered by him to show that the note was
given for a *bona fide* indebtedness, which existed prior to the
payments to the garnishee.

114 MICH.—21.

Error to Wayne; Lillibridge, J. Submitted June 17, 1897. Decided September 14, 1897.

Garnishment proceedings by Henry M. Ferry against the Home Savings Bank, as garnishee of the S. H. Davis Company. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*Ed. E. Kane*, for appellant.

*George W. Radford*, for appellee.

MOORE, J. April 8, 1895, plaintiff, who had commenced suit against the S. H. Davis Company, a corporation, caused garnishee process to be served on the Home Savings Bank to reach funds in its hands which plaintiff claimed belonged to the S. H. Davis Company. The bank made a disclosure denying that it was indebted to or had anything belonging to the S. H. Davis Company. An issue was afterwards framed, and a trial entered upon before a jury, who were directed by the circuit judge to render a verdict in favor of the garnishee defendant. Plaintiff appeals, and seeks to reach by the process of garnishment one item of $1,105 for insurance money collected upon a draft which passed through defendant bank, and $1,323 for interest received by defendant bank, which the plaintiff claims the creditors of the S. H. Davis Company are entitled to have paid to them. The plaintiff also claims the court erred in excluding testimony as to the consideration which entered into the note which was the basis of the judgment obtained by the plaintiff.

The plaintiff introduced testimony which tended to show that the S. H. Davis Company carried an insurance upon its property; that a loss occurred, which was paid by one of the companies by delivering a draft of $1,932 to the S. H. Davis Company, which was indorsed by George W. Radford, secretary and treasurer of the company, and delivered to the bank April 6, 1895, for collection. The bank received this amount, and, instead of crediting it to

the S. H. Davis Company, or to Mr. Radford, its secretary and treasurer, $827 of it was used to pay an overdraft due the bank from the S. H. Davis Company, and the balance was credited to McClenahan as agent, and was afterwards checked out by him.   A check of $519 was given by Mc-Clenahan, agent, to Radford, secretary and treasurer, May 17, 1895.   There is no dispute but that this money belonged to the S. H. Davis Company, and that, if the cashier had knowledge it was in the bank when process was served in this case, the bank would be liable to the amount of it as garnishee defendant; but it is claimed the officers of the bank had no knowledge that the fund belonged to the S. H. Davis Company, and therefore the bank was not liable; and this was the view taken by the learned circuit judge.

We cannot agree that there was no testimony tending to show that the bank had knowledge that this fund belonged to the principal defendant.   The draft came to the bank indorsed by the secretary and treasurer of the principal defendant, and was forwarded for collection. Upon its collection nearly one-half of the proceeds were used to pay an overdraft due the bank from the principal defendant.   Mr. McClenahan, though he was agent for Mr. Radford, secretary and treasurer of the principal defendant, was also paying teller of the bank.   Mr. Radford, secretary and treasurer of the principal defendant, was also a director in the bank.   The bank at this time held as security all of the stock representing the S. H. Davis Company corporation except three shares, and the books of the corporation were then at the bank.   We think it was a question for the jury to determine from all the evidence, under proper instructions, whether the bank had such knowledge of the ownership of the fund as would make it liable.   If the fund belonged to the principal defendant, and the bank had knowledge of that fact, it would be liable to garnishment, even though the fund stood in the name of McClenahan, agent.   *Connor* v. *Third Nat. Bank*, 90 Mich. 328; *Bills* v. *National Park*

*Bank,* 89 N. Y. 343; *Gibson* v. *National Park Bank,* 98 N. Y. 87; Drake, Attachm. § 482.

When the S. H. Davis Company was organized, Mr. S. H. Davis was indebted to the bank in the sum of $20,000. The testimony of the plaintiff tends to show that upwards of $1,300 of money belonging to the S. H. Davis Company was wrongfully received by the bank in payment of interest due from Mr. Davis as an individual. This is denied by the bank, it contending that the payments which were made as interest were made by Mr. Davis, the president and general manager; that they were made voluntarily; that the bank discounted the paper of the S. H. Davis Company upon the agreement that this interest should be paid; and that the company was perfectly solvent at this time, and that the creditors have no right to complain. The plaintiff denies that the discounting of the company paper was upon the condition that the interest due from Mr. Davis should be paid. He also claims that some of these payments were made by the bookkeeper without authority, and without the knowledge of the general manager or the board of directors; and we think there is testimony tending to show the truth of this contention. If payments of the individual debts of Mr. Davis were made with the corporate funds, and these payments were unauthorized by the corporation, and were made to the bank with knowledge that they were corporate funds, we have no doubt funds so paid could be reached by the creditors of the corporation. 3 How. Stat. § 8059; *McLellan* v. *Detroit File Works,* 56 Mich. 579; *Merchants' Nat. Bank* v. *Detroit Knitting & Corset Works,* 68 Mich. 620; 2 Mor. Priv. Corp. § 789. See, also, *Johnson* v. *Hersey,* 70 Me. 74 ( 35 Am. Rep. 303 ); *Id.,* 73 Me. 291. Giving the most favorable construction to the testimony possible, in favor of the bank, we think it should have been submitted to the jury whether these payments had been authorized or not, and whether they were required to be made before the bank would discount the paper of the corporation.

The bank was allowed to show that the note which was the basis of the judgment of Mr. Ferry was received by him without consideration, after maturity; and it was the claim of the defendant that Mr. Ferry was not a creditor entitled to the benefit of the garnishee statute. The trial judge, in his disposition of the case, said:

"The note on which the plaintiff obtained judgment in the principal case is dated March 2, 1895, and due in 30 days after date. The note was protested April 4, 1895, and was subsequently, after its maturity, indorsed to the plaintiff in this case. The evidence shows, moreover, that Ferry paid no consideration for the note; in other words, that he is a merely nominal plaintiff. Under these circumstances, if these payments of interest could be attacked at all, I do not believe a merely nominal indorser of dishonored paper, who became such eight months after the alleged interest was paid, is such a *bona fide* creditor of the corporation as the statute contemplates."

To meet this feature of the case, the plaintiff sought to introduce testimony to show that the note was given for a *bona fide* indebtedness, which existed prior to the time when the payments of interest were made. Testimony offered for that purpose was rejected. If the ownership of the note and its consideration were to be inquired into at all, we think this testimony was competent. While Mr. Ferry did not obtain the note until after maturity, the rule would be that he took it subject to any defenses that could be made against the person from whom he obtained it. If there was no defense to the note, the owner of it was a creditor, and entitled to such rights as the statute gave him.

Judgment is reversed, and a new trial ordered.

The other Justices concurred.