Rita D. Richard *vs.* Industrial Trust Company.

APRIL 5, 1957.

Present: Condon, Roberts and Paolino, JJ.

CONDON, J. This is an action of assumpsit to recover a sum of money which the plaintiff, a nonresident, had on deposit in her name alone in the defendant bank. The case is here on the plaintiff's bill of exceptions to certain rulings of the superior court overruling her demurrers to the defendant's fourth and fifth pleas to the declaration and sustaining the defendant's demurrers to several replications

to each plea which the plaintiff filed after her demurrers had been overruled. The defendant filed four other pleas but it is agreed that these may be ignored at this time.

It appears from the fourth plea that on March 25, 1949 Lea E. Stanley commenced an action at law against Robert W. Stanley of Groton, Massachusetts, by a writ of attachment of his personal estate standing in the name of Rita Richards in the Industrial Trust Company; that said company on April 11, 1949 filed an affidavit stating that it had funds in the name of Rita D. Richards but it had no record or knowledge that Robert W. Stanley had any interest therein; and that it prayed the judgment of the court whether it was chargeable as his trustee. Variations in the plaintiff's last name and the omission of her middle initial in the documents referred to are of no significance.

It further appears from said plea that on May 31, 1949 Rita Richards by her attorneys entered a special appearance in the Stanley case but did not thereafter file any claim to the funds under attachment therein or take any other action; that on February 17, 1950 a *nil dicit* judgment for $2,876.55 was entered against Robert W. Stanley but was not appealed from within the time permitted by law; and that the Industrial Trust Company was charged as garnishee in that amount plus costs. It also appears that on May 31, 1950 upon demand therefor, defendant paid such judgment. The record of Lea E. Stanley v. Robert W. Stanley, Law No. 116985 is expressly incorporated by reference as a part of the plea. The plea further alleged that any question as to its liability for paying such amount was rendered res judicata by that judgment.

The fifth plea repeats the above allegations and adds that the Industrial Trust Company on March 28, 1949 notified Rita D. Richards that her account had been attached; that on April 1, 1949 it further notified her thereof by mailing to her a statement of her account disclosing that fact; that on April 11, 1949 and on two other occasions it noti-

fied her, through her attorneys, to prove her claim to the attached funds in the Stanley suit; that on the same date it filed its affidavit as garnishee and sent a copy thereof to her attorneys; and that in spite of said notices she failed and refused to assert her claim in the Stanley suit. The plea concludes therefrom that plaintiff is estopped to prosecute her action against it for such funds.

By her demurrers plaintiff admits the facts above pleaded but denies that either plea shows facts which render her claim against it res judicata or otherwise estop her from prosecuting her action against defendant. The superior court, relying principally on the ground that plaintiff's entry of a special appearance, without more, in the Stanley suit was the equivalent of a general appearance, held that she had knowledge of such suit and therefore as a party therein could have made claim to the attached funds under general laws 1938, chapter 550, §15. That being so, the court concluded she was bound by the judgment in that suit. The court further held that the facts alleged in the fifth plea constituted legal notice to plaintiff that her right to the funds on deposit with defendant was disputed by the plaintiff in the Stanley suit; that in the face of such claim she could not stand by and do nothing; and hence she was estopped from asserting her claim to the funds against defendant after it had paid the judgment in that suit.

The plaintiff contends that the superior court erred in overruling her demurrer to the fourth plea for two reasons: first, that the special appearance by attorneys gave no jurisdiction to the court in the Stanley suit; and secondly, if the mere entry of such appearance amounted to a general appearance, then as a party she should have had notice of the proceeding at which defendant here was charged as garnishee. The defendant argues that there is good authority for the view that an entry of special appearance without more is equivalent to a general appearance and cites *Wrinn v. Sellers*, 252 Mass. 423, upon which the superior court re-

lied in rejecting plaintiff's contention that the plea of res judicata was not a bar to her action against defendant.

Whatever the merit of that decision may be in the light of the facts that were before the Massachusetts court, we cannot follow it in the circumstances of the case at bar. Here we have a nonresident of this state who was not a party served with process in the Stanley suit and who was not under a lawful duty to intervene therein, nor was she otherwise charged with legal notice that money on deposit with defendant in her name alone was being claimed as the property of another in that suit. The mere entry by her attorneys of a special appearance without more did not supply the want of such lawful notice.

It is to be assumed that the only purpose of such special appearance is to attack the jurisdiction of the court. 3 Am. Jur., Appearances, §42, p. 810. *Marr* v. *Cook*, 147 Mich. 425. In that case the defendant appeared specially but did not object specifically to the jurisdiction, and the plaintiff argued that this was tantamount to a general appearance. In rejecting such contention the court, at page 427, stated: "No authorities are cited in support of this contention, and I do not think it reasonable. I think we should give to the word 'specially' the construction which would ordinarily be accorded it. The statement of counsel that he appeared specially is certainly a statement that he does not appear generally, and it is a sufficient indication of an intention to reserve the right to question the jurisdiction of the court." By the majority view any appearance to attack an attachment or garnishment is a special appearance which does not give the court jurisdiction. 3 Am. Jur., Appearances, §27, p. 798. See also 55 A.L.R. 1121 and 129 A.L.R. 1242.

The plaintiff in the case at bar was not chargeable with legal notice merely because by her special appearance she must have had knowledge of the claim being made against her funds in the defendant bank. As was said in *Wade* v.

*Wade's Admr.*, 81 Vt. 275, the defendant here "errs in assuming that knowledge is the same as notice. If this were so there could be no such thing as special appearances, for one could not authorize a special appearance without showing knowledge and so charging himself with notice."

It can avail the defendant nothing that plaintiff did not take any action after appearing specially. In *Green* v. *Green,* 42 Kan. 654, where a party appeared by attorney specially and moved to set aside a judgment obtained against him without proper service, it was held that even the making of such a motion did not give the court jurisdiction over him nor authorize it to require him to answer or plead. Another case which illustrates the application of this principle is *Farmers Trust Co.* v. *Alexander,* 334 Pa. 434, where the court refused to foreclose a party merely because of what it termed the doubtful action of his counsel in placing a *sci. fa.* on the argument list. At page 438 the court stated: "It is fundamental that parties not of record, who have not hitherto appeared generally in the pending litigation, cannot be required to answer a rule not addressed to them, merely because they had notice of its existence." Here we understand the court's use of the term "notice" as synonymous with knowledge and not with legal notice.

When the relation of the plaintiff to the Stanley suit is correctly understood, we think it will be clear that the judgment therein charging the garnishee cannot be deemed res judicata of her claim. Her relation to that judgment is similar to that of the plaintiff in *Belser* v. *Nichols, Ltd.,* 32 Hawaii 78. In that case Belser gave one Hooper a check for $2,000 which Hooper deposited in his bank account. It appeared this money had been intrusted to Hooper to build golf courses in Australia and for no other purpose. Nichols, Ltd. sued Hooper after he had left for Australia and attached the money remaining on deposit in the hands of the bank. Belser notified the bank he was the owner of such

balance. Notwithstanding the bank's contention that it should not be charged until ownership was determined, the lower court entered judgment against it without giving legal notice to Belser.

Belser sued to enjoin application of the account to the satisfaction of the judgment obtained by Nichols, Ltd. It was contended by Nichols, Ltd. that Belser had no right to the account "because he did not assert it in the suits against Hooper in the district court and there have his rights determined." Apparently Nichols, Ltd. relied upon Belser's knowledge of the attachment in that suit as sufficient ground for claiming the judgment therein was res judicata as to him. The court, at page 83, rejected such claim for the following reason: "Belser was a stranger to those suits and so far as the record shows to the contrary had no legal notice of their pendency or that the money which he now claims is his had been garnished. Under these circumstances the judgment rendered against the garnishee was not an adjudication of Belser's rights and not binding on him."

The only difference between the conduct of plaintiff in that case and the conduct of plaintiff in the instant case is that the plaintiff in the *Belser* case, who was a resident of Hawaii, took action after the bank was charged as garnishee over its protest and before it had paid the garnisheed funds to the judgment creditor, whereas plaintiff here did nothing after defendant, who did not protest, had been charged as garnishee. Does this difference estop plaintiff from asserting her claim against the garnishee here?

That question brings us to a consideration of the fifth plea. Such plea does not specifically allege that defendant, after it had been charged on February 17, 1950 as garnishee, notified plaintiff of that fact. It alleges merely notice of the pending attachment. Apparently defendant relies for its claim of estoppel on the inaction of plaintiff in the face of the several notices which it sent to her apprising her of such attachment.

Did plaintiff's failure to respond to those notices estop her from claiming, as she does, that she was not bound by the judgment of February 17, 1950 charging defendant as garnishee? Since she was not a party to that proceeding, she was not bound to act upon defendant's notices. For the same reason she could not have appealed from that judgment. *Coulters* v. *The Sand Man, Inc.*, 53 R. I. 151. However, defendant could have appealed or could have asked the court to summon in plaintiff as a party to the proceeding in which it was charged as garnishee. *Hanaford* v. *Hawkins*, 18 R. I. 432. Instead of availing itself of such legal means of protecting its depositor's interests as well as its own interests it was content to do no more than send her informal notices of the proceedings.

In the absence of process by way of legal notice, she was under no duty to come into the state and submit herself to the jurisdiction of the court, especially since she had the right to assume that defendant would perform its duty to protect her funds. Indeed when she received the copy of their affidavit, she could have reasonably assumed that defendant would deny the allegation of Lea E. Stanley that the attached funds belonged to Robert W. Stanley and require her to prove it.

However, defendant seems to argue that plaintiff in the circumstances here had a duty to come in and make her claim by virtue of G. L. 1938, chap. 550, §15, which reads as follows: "Whenever the personal estate of any defendant is attached on trustee process, any person claiming said personal estate, under an assignment or otherwise, may on his own motion become a party to the action or suit so far as respects the title to said personal estate." We do not so construe that section. Its language is clearly permissive and no reason occurs to us why it should be made obligatory, especially on one who is the ostensible legal owner of the funds and who, in addition, is a nonresident not amenable to the process of the court.

In other jurisdictions having similar statutes the courts have taken the same view. In *Rutherford* v. *Fullerton,* 89 Ga. 353, a creditor sued Meredith, who was the agent of Fullerton, and attached funds in the possession of Rutherford. Meredith informed Rutherford that the funds belonged to Fullerton. Nevertheless Rutherford answered that he owed Meredith and was charged as garnishee. Fullerton was in court at the time and he was told by the judge that his remedy was to claim the funds. Fullerton took no legal steps in that proceeding to do so, but instead sued Rutherford. Rutherford pleaded that Fullerton's failure to make claim under the statute estopped him. The court rejected that plea and gave judgment against Rutherford. On appeal such judgment was upheld on the ground that Fullerton was not compelled to make claim under the statute since it was only permissive and not mandatory. See also *Bryant* v. *McCrary,* 40 Ga. App. 685; *Duquesne Bond Corp.* v. *American Surety Co. of N. Y.,* 264 Pa. 203.

If there is any question in a garnishee's mind as to the true owner of the garnisheed funds it would seem that the garnishee in its own interest as well as for the protection of its depositor should itself move to bring the claimant before the court. *Hambley & Co.* v. *H. W. White & Co.,* 192 N. C. 31; *Hendrick* v. *Johnston,* Texas, 32 S.W. 2d 883. There is authority, however, that he has no duty to do so. *Whan* v. *Hope Natural Gas Co.,* 81 W. Va. 338; *Darst* v. *Awe,* 235 Mich. 1. In the circumstances of the instant case we are of the opinion that the garnishee cannot properly complain of plaintiff's failure to become a party to the garnishment proceeding. Here the garnishee's affidavit stated that "there was in the hands or possession of said Industrial Trust Company none of the personal estate of said defendant except as follows:" and then there follows a statement of the account of Rita D. Richards and a further statement that the garnishee had no knowledge that Robert W. Stan-

ley had any interest therein or whether said Rita D. Richards is the same person as Rita Richards named in the writ.

These statements are open to two possible constructions. From one point of view they appear to state that the deposit is not that of Robert W. Stanley. From another point of view they are somewhat equivocal, since the words "none of the personal estate of said defendant except as follows:" seem to imply that said Stanley may have some interest in such deposit. In the circumstances we think it was the duty of the garnishee to require the attaching creditor to prove that the deposit, although standing in the name of Rita D. Richards, belonged in fact to Robert W. Stanley. It should not have assumed that it was her duty to prove her ownership of the deposit. In the following cases the garnishee did not rely on such an assumption but acted to protect its depositor as far as it was able to do so. *Proctor* v. *Greene,* 14 R. I. 42; *Jordan Marsh Co.* v. *Hale,* 219 Mass. 495; *Ferry* v. *Home Savings Bank,* 114 Mich. 321; *Citizens' Bank & Trust Co.* v. *Rogers,* Texas, 170 S.W. 258; *Potter* v. *Conqueror Trust Co.,* 170 Mo. App. 108. In a case involving a foreign attachment, *Marano* v. *Granata,* 151 Pa. Super. 454, 457, the court, speaking of the garnishee's right to press for dissolution of the garnishment, stated: " 'It is his [garnishee's] right as well as his duty, for his own protection, if nothing more, to insist that no property or effects be taken out of his hands except upon valid process.' "

If the defendant here really intended by its affidavit to state that it had no property belonging to Robert W. Stanley it should have insisted upon being discharged as garnishee. That is what the garnishee sought to do in *Proctor* v. *Greene, supra,* although it did not prevail in its contention. In that case the deposit was in the name of *Arthur Greene, agent,* and was attached as the property of Arthur Greene. The bank claimed it had no funds belonging to him but did have a deposit belonging to his undisclosed principal. Similarly in *Jordan Marsh Co.* v. *Hale, supra,*

the Old Colony Trust Company, over its objection, was charged as garnishee where it held an account in the name of *Walter S. Hale, agent,* but upon appeal the supreme judicial court of Massachusetts reversed the lower court, holding that in trustee process the burden of proof was on the attaching creditor where the name of the principal defendant was not the name in which the deposit stood on the books of the trustee. In cases where the claim is made that the principal defendant has assigned the deposit the rule is different and the assignee has the burden of proof.

On the other hand, if we view defendant's affidavit in the case at bar as equivocal there are equally strong reasons for holding that defendant must bear the consequences arising therefrom. It cannot escape liability in the claim that its depositor Rita D. Richards was estopped because she had not taken affirmative action to protect her property from being treated as the property of Robert W. Stanley and subjected to the satisfaction of a judgment against him. We are confirmed in this conclusion by *Karp* v. *First National Bank of Boston,* 295 Mass. 365, a case much like the one at bar.

In that case, the plaintiff Dorothy Karp, a resident of Massachusetts, had a deposit in her name alone with the defendant bank. The deposit was attached in an action against her husband Jacob Karp, also a resident of Massachusetts. The writ called for attachment of credits in said bank "whether standing in the name of the defendant [Jacob] and/or in the name of Dorothy Karp." The bank answered that it had "an account standing in the name of Dorothy Karp" and "no other goods, effects or credits of the said defendant," and that it had no knowledge of the true ownership of the deposit.

The bank notified Dorothy at once of the attachment. She did nothing. Thereafter Jacob defaulted and judgment was entered against him. The bank was charged as garnishee and after it had paid the deposit in satisfaction of

the judgment Dorothy sued. The bank defended on the ground that as a result of the notice of the attachment which it had promptly given to her she should have come into the attachment proceedings and made her claim to the deposit. In effect it made the same contention which defendant here is making under its fifth plea, namely, that failure to act in her own interest estopped plaintiff from prosecuting her claim against defendant especially after it had paid the judgment. The Massachusetts court rejected such defense because of the equivocal nature of the answer which the bank had made to the writ. The court construed such answer as indirectly implying that the deposit was that of Jacob Karp although standing in the name of Dorothy Karp.

We might cite other cases to the same general effect to show that facts such as are alleged in the fifth plea are not valid grounds for an estoppel against plaintiff, but the above-cited cases are sufficiently illustrative of the view which we take and the reasons for it. It is our opinion, therefore, that plaintiff's demurrers to defendant's fourth and fifth pleas were erroneously overruled. This conclusion renders unnecessary any consideration of plaintiff's exceptions to the superior court's rulings sustaining defendant's demurrers to her replications to those pleas.

The plaintiff's exceptions to the rulings of the superior court overruling her demurrers to the defendant's fourth and fifth pleas are sustained, and the case is remitted to that court for further proceedings.

*Fergus J. McOsker,* for plaintiff.

*Hinckley, Allen, Salisbury & Parsons, Edward M. Watson, Thomas J. Hogan,* for defendant.