## JOSEPH RAYNES *vs.* THE LOWELL IRISH BENEVOLENT SO-CIETY & Trustee.

Money belonging to the L. I. B. Society was placed by their president in the hands of D. C. for the purpose of being deposited for the society in an institution for savings; D. C. accordingly deposited it, the entry thereof in the books of the institution and in the deposit book given to D. C. being, "D. C. in trust for the L. I. B. Society;" subsequently other sums of money belonging to the society were deposited by another individual, in whose hands they had been placed for that purpose, and were entered, in the same form, in the books of the institution, and in the deposit book given to D. C. It was held, that the money thus deposited was the money of the L. I. B. Society, and that the institution for savings was chargeable therefor as their trustee; although it appeared that the treasurer of the institution supposed and believed, that the deposits were made with the understanding that they were wholly under D. C.'s control, and subject only to his order, and that the institution had invariably held itself answerable to the individual depositing the money.

In this case, which was argued by *J. G. Abbott,* for the plaintiff, and by *J. P. Robinson,* for the Lowell Institution for Savings, summoned as trustee, the material facts appear in the opinion of the court.

METCALF, J. The question, whether the Lowell Institution for Savings is chargeable as trustee of the principal defendants, is submitted to the court, not only upon the answer of the treasurer of the institution, but also upon two depositions, which are filed in the case, and which the parties have agreed shall "be taken as true." So far, therefore, as those depositions differ from the answer, they must be held to control it.

It appears from the answer and from the depositions, that $50 were deposited in the institution, by Dennis Crowley and others, on the 20th of March, 1847; that the entry thereof, in the books of the institution, and in the book given to Crowley, was in the name of "Dennis Crowley, in trust for the Lowell Irish Benevolent Society;" and that this was the money of that society, and was placed by the president thereof in the hands of Crowley and others, for the purpose of their depositing it for the society. It also appears that afterwards, at different times, various sums of money, belonging to the society, were deposited by Thomas Downing, their treasurer, in said institution, and were entered in its

books, and in the book given to Crowley, which was in Downing's possession, in the same manner as the deposit of the $50 was made, viz., in the name of "Dennis Crowley, in trust," &c. It further appears that Crowley is dead, and that no administration on his estate has been granted; and it does not appear that he ever paid over any part of the money to the society, or in any way accounted with them for it.

On these facts, the court cannot doubt that the money of the Irish Benevolent Society is so "intrusted and deposited in the hands and possession" of the Savings Institution, that the institution is chargeable as the trustee of the society. And the only remaining question is, whether the other matters, stated in the answer of the treasurer of the institution, so vary the legal effect of the foregoing facts as to entitle the institution to a discharge from this process. The treasurer states that he presumes that all the deposits were made by Crowley; but the depositions show that only the first was made by him. The treasurer also supposes and believes that the deposits were made with the understanding that they were wholly under Crowley's control, and subject only to his order. He also says that the institution has invariably held itself answerable to the trustee depositing the money. But this understanding of the institution, even if it were also the understanding of Crowley and Downing, cannot alter the law of the case. Nor can the law be altered by the views which the institution has always held respecting its liability to the person who makes a deposit in trust for another.

The deposits that were made by Downing seem to have been made in the name of Crowley, because the first was so made, and the institution did not choose to open a new account with a new trustee of the same *cestui que trust;* or because the institution did not know Crowley's person, and supposed Downing, when he presented the book in which the first entry was made, to be Crowley. However this may have been, all the deposits were in trust for the society that owned all the money deposited. This being so, the money was subject to attachment, upon the trustee process, by the society's creditors, and the institution is held as trustee of

the society, and must be charged as such, in this action. By paying the money to the plaintiff, the institution will discharge itself from all claims that can be hereafter made upon it by the society, or by Downing, or by the personal representatives of Crowley. *Trustee charged.*