CHARLOTTE D. SIMMONS *vs.* WILLIAM F. ALMY & trustee.

Property of a ward may be attached on trustee process against him.

Money of a ward was deposited in a bank by his guardian on an account to the credit of
"A., guardian for B.;" the income of the fund was afterwards paid by the bank to A.'s
successors in the trust, without any change in the title of the account; and A., after ceas-
ing to be guardian, laid no claim to either capital or income. *Held*, that the bank was
chargeable in foreign attachment as trustee of the ward.

TRUSTEE PROCESS for board furnished to the principal defend-
ant, against whom judgment was entered on his default.   Writ
dated February 9, 1866.   In the superior court, on the question
of charging the Citizens' Savings Bank, summoned as trustee,
these facts appeared :   The principal defendant was an adult,
married, and having a family; but was under the guardianship
successively of Joseph Osborn, Philip B. Chase, and Asa B.
Anthony, from 1857 till after the service of process on the al-
leged trustee, Chase succeeding Osborn in 1863, and Anthony
succeeding Chase later in the same year.   Osborn, before re-
signing his trust as guardian, deposited with the bank, in 1858,
upwards of six thousand dollars, the proceeds of a sale by him
of his ward's property.   This deposit was credited to him on

the books of the bank in an account under the caption, " Joseph
Osborn, guardian for William F. Almy," and remained to his
credit in the same account at the date of the service of the writ
on the bank; and the bank " recognized and dealt with Osborn,
Chase and Anthony, as they successively exercised the office of
guardian of the defendant Almy, as having the control of said
moneys deposited and kept to the credit of Osborn as aforesaid,
and paid to them successively the income of the same, and they
disposed of the income, as received by them, for the subsistence
of the family of their ward." Ever since 1861 Almy conducted
business on his own account, and acquired and managed prop-
erty, irrespective of and uncontrolled by either of his successive
guardians, neither of whom ever exercised any guardianship
over his person. On these facts, *Brigham*, J., ordered the dis-
charge of the trustee; and the plaintiff appealed.

*L. Lapham*, for the plaintiff.

*E. Williams*, for the trustee.

COLT, J. The property of a person under guardianship may
be taken on execution issued against him. It may therefore be
attached on mesne process in all the usual modes, including the
trustee process. The remedy to recover a debt against the ward
by suit upon the guardian's bond is not exclusive. *Hicks* v.
*Chapman*, 10 Allen, 463. *Spring* v. *Woodworth*, 4 Allen, 326.
Guardians are not invested with the legal title of the ward's
property. They have only the control and management of it, a
power not coupled with an interest. They can make no con-
tract binding upon his person or estate.

The funds here disclosed in the hands of the trustee we think
must be regarded as the property of the defendant, and liable to
this process. There is nothing to show an intention on the part
of Osborn, the first guardian, to appropriate to himself the
money deposited so that he could only be made accountable for
it upon settlement of his guardianship accounts. And the same
is true of both the succeeding guardians. On the contrary, the
form in which the deposit is made; the manner in which it has
been since treated, the bank itself dealing with the successive
guardians as entitled to the control of the same, though not

changing the account in their books; and the fact that no demand has been or appears now to be made by Osborn upon the bank for the fund; are decisive, in our opinion, that it is the property of the defendant, and so to be treated in this proceeding. *Farrelly* v. *Ladd*, 10 Allen, 127. *Raynes* v. *Lowell Irish Benevolent Society*, 4 Cush. 343. *Moore* v. *Hazelton*, 9 Allen, 104.

It does not seem important to inquire whether Osborn was legally appointed guardian or not; for, if he was not, the position that the trustee ought not to be charged is not strengthened by the fact. *Trustee charged.*