# The Farmers' and Mechanics' National Bank *versus* Ryan.

1. A deposit by a corporation in a bank, is a debt by the bank to the corporation, and is liable to attachment by a judgment-creditor of the corporation.

2. A corporation making a deposit is on the same footing with the bank as an individual.

3. Where it is satisfactorily shown that money deposited in the name of one is the property of another, it cannot be attached as the property of the depositor.

4. Read *v.* Penrose, 12 Casey 214, affirmed.

February 11th 1870. Before READ, AGNEW, SHARSWOOD and WILLIAMS, JJ. THOMPSON, C. J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 148, to July Term 1869.

On the 31st of October 1868 James Ryan issued an attachment execution against The West Branch and Susquehanna Canal Company, in which the Pennsylvania Railroad Company and the Farmers' and Mechanics' National Bank were the garnishees.

They filed six interrogatories, of which the 2d and 3d were:

2. Have you had any business transactions with the said defendant? If yea, how did your accounts stand at the time the writ in the above case was served upon you? Was there or was there not at that time, or has there been since, up to the time of your answering, a balance in your hands in favor of the said defendant?

3. Were you, at the time the writ in the above case was served upon you, or have you been at any time since, and when, indebted to the said defendant in any manner whatsoever; or did the said defendant hold any bill, bond, note, account, draft, check, due-bill or other instrument of writing then due, or thereafter to become due, upon which you had become in any manner liable? State

the character and amount of such indebtedness and when and how the same arose.'

To the second interrogatory The Farmers' and Mechanics' ics' National Bank answered "No, except as to a certain deposit account kept with the said bank, styled and entitled 'The West Branch and Susquehanna Canal Company Construction Bonds' (coupon account). At the time the writ in the above case was served upon the said The Farmers' and Mechanics' National Bank there was due upon the said account by the said bank a balance of $1474.75. The said balance remains unchanged in the hands of the said bank, and it claims to deduct therefrom the sum of one hundred dollars as its reasonable counsel fee according to the statute and Act of Assembly in such case made and provided."

The Farmers' and Mechanics' National Bank further answered that it had been notified by the defendant that the said defendant claims that the said balance of deposit account in its hands is not liable to attachment execution in its hands, as garnishee, for the following reasons:

1. That the same, as the said garnishee is notified, is a balance of deposit account of the defendant, which is a corporation duly chartered under the laws of this Commonwealth, and is necessary to the exercise of its franchises, and therefore not liable to execution: and 2. That the same is a special deposit account, specially and distinctly appropriated to a particular purpose, viz.: to the payment of the coupons on certain construction bonds issued by the said defendants, and therefore not liable to execution.

And the said garnishees, therefore, in these its answers to the interrogatories filed, set forth these grounds of defence, on which it is notified by the said defendants to claim that the balance in its hands is not liable to execution.

The court refused to enter judgment against the garnishee on the answer. The garnishee pleaded "Nulla bona." On the trial the only evidence was the interrogatories and answers. The court instructed the jury to find for the plaintiffs, reserving the question, whether on the answers the judgment should be for the garnishees.

The jury found for the plaintiffs, and that there were $1374.15 in the hands of the answering garnishees. The court afterwards entered judgment against the garnishees on the question reserved for that amount.

The Farmers' and Mechanics' National Bank took a writ of error, assigning for error the entry of the judgment.

*R. L. Ashhurst* and *T. Cuyler*, for plaintiffs in error.

*A. Briggs*, for defendants in error.

[Farmers' & Mechanics' National Bank v. Ryan.]

The opinion of the court was delivered, July 7th 1870, by

READ, J.—The first ground assumed by the plaintiffs in error, is, that the deposit accounts of a corporation, however numerous, are all exempted from attachment executions by its judgment-creditors.  If this were the law, then a great improvement corporation with a bank account of a million of dollars could set at defiance its small creditors.  A deposit in a bank by a corporation is a debt by the bank to the corporation, the bank being the debtor and the corporation the creditor, which is liable to attachment execution by a judgment-creditor of the corporation.

This has been the settled law of Pennsylvania since the case of Reed v. Penrose's Executrix, 12 Casey 214.  In the court below this doctrine was affirmed to its fullest extent, in a very able opinion of the learned President Judge of the District Court. In this court Chief Justice Lowrie agreed on all points with the court below, and upon each of the points there was a majority in favor of affirmance, and the judgment was affirmed.  This case decided that an execution attachment lay against the deposit of a corporation with a banker, placing the corporation on the same footing with a private individual.

The present Chief Justice and myself did not sit, having been of counsel in branches of the case below, but we both believed the decision right, and I have always regarded it as not only strictly just, but politic and wise.

The law upon the second point has been fully discussed in two cases: Bank of Northern Liberties v. Jones, 6 Wright 536, and Jones v. Bank of Nothern Liberties, 8 Id. 253; and it is clear that where it is satisfactorily shown that money deposited in the name of one person is really the property of another, it cannot be attached as a debt due the depositor.  But this is not the case here, for the defendants could at any moment draw the balance out of bank on their own check, and so far as the evidence shows, no person could interpose to prevent it.  If so it is liable to the attachment, and the court below committed no error.

If it was so appropriated that the defendants could not touch it, this could have been shown without difficulty, and not being done we must assume that we are in possession of all the facts.  In all the cases cited the real ownership of the deposit had been satis-factorily proved.   Such is not the case here.

Judgment affirmed.