# Rockwell, Appellant, *v.* Silvara.

*Attachment execution—Checks—Banks and banking—Assignment.*

Where an attorney at law collects a sum of money for a client, deposits the fund in his own bank account, and draws a check in favor of his client for the amount collected and sends the check by mail, and after the check has been mailed, but before it has been received a judgment creditor of the client attaches the fund, naming the attorney and his bank as garnishees, the attaching creditor is entitled to the fund, although the client immediately after receipt of the check delivers it to a creditor of his own who has no knowledge of the attachment, and who accepts it in payment of an antecedent debt.

Argued Nov. 21, 1910. Appeal, No. 243, Oct. T., 1909, by plaintiff, from judgment of C. P. Bradford Co., Sept. Term, 1905, No. 427, for defendant on case tried by the court without a jury in suit of A. Lloyd Rockwell, administrator c. t. a. of Isabella Rockwell, deceased, v. J. K. Silvara & Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Attachment execution.

Issue to determine ownership of a fund paid into court. Before FANNING, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in awarding the fund to the defendant.

*J. C. Ingham,* for appellant.—If Silvara & Company desired to set up the defense to the attachment that DeWitt on account of his check had assumed some liability from which he needed protection, or that the check in their hands possessed some quality as a negotiable instrument that would exempt the fund from attachment, the proper and the exclusive method to have done so was through DeWitt as garnishee, and not as intervening

claimants to the fund itself: Thistle Mills v. Watson, 2 Pa. C. C. Rep. 271; Elberman v. Bloom, 10 Pa. C. C. Rep. 413. .

Equity will follow a fund through any number of transactions and preserve it for the owner so long as it can be identified, no matter in whose name the legal right stands: Farmers' & Mechanics' Nat. Bank v. King, 57 Pa. 202; First Nat. Bank v. Bache, 71 Pa. 213; Stair v. Bank, 55 Pa. 364; Frazier v. Bank, 8 W. & S. 18.

This money so deposited by Mr. DeWitt in his own account could not have been attached for his debts: Frank v. Kurtz, 4 Pa. Superior Ct. 233; Farmers' & Mechanics' Nat. Bank v. King, 57 Pa. 202.

But as this money belonged to Haverly it was subject to attachment for his debts.

Moneys deposited in a bank by one person may be shown to be the property of another, either by the depositor, or by his attaching creditors: Hemphill v. Yerkes, 132 Pa. 545; First Nat. Bank v. Mason, 95 Pa. 113; Sweigart v. Bank, 8 Montg. County Law. Repr. 203.

The service of the attachment worked an assignment of the fund to the plaintiff: Roig v. Tim, 103 Pa. 115; Fessler v. Ellis, 40 Pa. 248; Rushton v. Rowe, 64 Pa. 63; Develin v. Ford, 19 Pa. Superior Ct. 381; Kuhn v. Bank, 20 W. N. C. 230; Malvin v. Sweitzer, 1 Kulp, 5.

This check could make no title whatever or claim of any kind to the fund in court: Kuhn v. Bank, 20 W. N. C. 230; Jordan's & Porter's App., 10 W. N. C. 37; Florence Mining Co. v. Brown, 124 U. S. 385 (8 Sup. Ct. Repr. 531); Loyd v. McCaffrey, 46 Pa. 410; First Nat. Bank v. Higbee, 109 Pa. 130; Roberts v. Boyle, 8 York Legal Record, 13; First Nat. Bank v. Shoemaker, 117 Pa. 94; Maginn v. Bank, 131 Pa. 362; First Nat. Bank v. McMichael, 106 Pa. 460; Saylor v. Bushong, 100 Pa. 23.

Haverly turned out the check of a third person to apply entirely on what was pre-existing indebtedness. Such an indorsee is not a purchaser for value: Royer v. Bank, 83 Pa. 248; Maynard v. Bank, 98 Pa. 250; Mechanics' Nat.

Bank v. Kielkopf, 22 Pa. Superior Ct. 128; Holmes v. Briggs, 131 Pa. 233.

*M. E. Lilley*, of *Lilley & Wilson*, for appellee.—A check is a negotiable instrument: Wisner v. First National Bank, 220 Pa. 21; Provident Securities & Banking Co. v. First Nat. Bank, 37 Pa. Superior Ct. 17; National Bank of Phœnixville v. Bonsor, 38 Pa. Superior Ct. 275.

A pre-existing debt is valuable consideration: Bardsley v. Delp, 88 Pa. 420; Carpenter v. National Bank of the Republic, 106 Pa. 170; Beckhaus v. Nat. Bank, 9 Sadler, 292; Shepherd v. Busch, 154 Pa. 149; Hart v. Boller, 15 S. & R. 162; Collins v. Busch, 191 Pa. 549; United States v. Hegeman, 204 Pa. 438; Seltzer v. Coleman, 32 Pa. 493; Brown v. Scott, 51 Pa. 357; Kemmerer's App., 102 Pa. 558.

The attaching creditor, the appellant, acquired the rights of LeRoy Haverly only, and that subject to the equity and rights of J. K. Silvara & Company: Kieffer v. Ehler, 18 Pa. 388; Hill v. Kroft, 29 Pa. 186; Day v. Zimmerman, 68 Pa. 72; Bell v. Binding & Mailing Co., 10 Pa. Superior Ct. 38.

Where property attached is claimed adversely to the defendant, the proper practice is for the claimant to intervene in the attachment and not to move to dissolve: Hildreth v. Kepner, 11 Pa. Dist. Rep. 789; Moore v. Spackman, 12 S. & R. 287; MacNutt v. Bushman, 21 Lanc. Law Rev. 345; Brubaker v. Bryan, 6 Lanc. Law Rev. 201.

OPINION BY HEAD, J., March 3, 1911:

It is important in every case, but it seems to be of special importance in the one before us, to keep clearly in view the exact questions presented by the record for our determination. The proceeding we are now about to review was an attachment execution. By the various steps we shall hereafter describe a certain fund was paid into court by one of the garnishees named in the attachment. With the production in court of that fund the garnishees

named have disappeared from the proceeding. The contest was fought out in the court below between the attaching creditor and a third party, who upon their own petition were permitted to intervene. The question for determination was and is the true ownership of that fund thus attached and thus paid into court by the garnishee. The learned court below having awarded it to the intervening party, the attachment creditor appeals.

One Leroy Haverly begun an action against the county of Bradford for the recovery of money. Before the case came to trial it was amicably settled. To complete this settlement the county commissioners, on August 11, 1905, gave their check for $500.00, the amount agreed upon, to W. C. DeWitt, Esq., the attorney of record for the plaintiff, Haverly. The attorney had been directed by his client to pay out of this sum various claims, fees, etc., amounting to $156.72, after the payment of which there remained in the hands of DeWitt $343.28, due to his client Haverly.

Promptly on the morning of August 12, DeWitt deposited the check for $500 in his own account in the First National Bank of Towanda, and immediately drew his check for the above stated amount due his client and mailed the same with a proper statement of the transaction to Haverly at New Albany, Pa.

The present appellant was a judgment creditor of Haverly. Having learned of the collection by him of the money already referred to, he on August 12, issued an attachment execution on his judgment in which DeWitt and the First National Bank of Towanda were made garnishees. The writ was served on DeWitt about half past ten of that morning, shortly after he had mailed the letter referred to, and on the bank about noon. What was the situation at that moment? There was undoubtedly on deposit in the First National Bank the sum named, which in fact belonged to Haverly, the judgment debtor. Certainly, as between him and DeWitt, the latter had no longer any claim on or against that fund. He made none. His deposit of it in his own name was but a convenient

means to enable him to discharge his obligation of placing his client's money promptly in his hands. So far as the bank was concerned, it would owe that money prima facie to DeWitt who had deposited it. But, on a showing of the facts already stated, it would clearly be bound to recognize the paramount right of the real owner Haverly. This proposition is so well sustained by the authorities that we need not stop to cite them.

There was therefore nothing thus far visible which would or could have prevented the grasp of the attachment from fastening upon the fund of the judgment debtor located in the hands of the garnishee summoned, and yet this is the exact question we have to deal with. To get before us, however, the contention of the intervening party, who up to this time had no interest whatever in the transaction, we must recite some additional facts. Later, on the same day, after the attachment had been served, Haverly came to Towanda and had an interview with his counsel. What he learned as to the mailing of the check, the issue of the attachment and its service, the record does not disclose. He returned home the same evening, lifted the letter containing his check and took it to the place of business of Silvara & Co., the intervening party. It appears that he owed them an account. He also owed two promissory notes, for the payment of which they were responsible, either as sureties or guarantors. It was there agreed that they would take the check, satisfy their own claim or book account, and take up the two notes of Haverly for which they were responsible, and they then gave to him their check amounting to something over $80.00 to cover the difference and complete the transaction.

After the garnishees had filed their answers setting up simply the facts first named, they seem to have made no further contention and to have practically disappeared from the case. Silvara & Co. filed their petition asking leave to intervene which was granted. They then asked for a rule on one or both of the garnishees to pay into court the fund admitted by the answers to have been in the

bank when the attachment was served, and at their instance an order was made directing the garnishees to "pay into court the fund with reference to which this controversy arises to await the judicial determination as to whom the same of right belongs." This was accordingly done and the contest for the possession of that fund proceeded between the attaching creditor and Silvara & Co.

We are not concerned with the rights, if any there now be, which Silvara & Co. may have, either against their original debtor, Haverly, or against DeWitt. No such questions are fairly raised or could properly be disposed of in this proceeding. We are to determine only whether or not (a) by the service of the attachment execution it grasped the fund now in court, and (b) if it did, has that grasp been loosened by anything that appears in the record?

We are wholly unable to discover any reason upon which we could conclude that the fund was not reached by the attachment. That money undoubtedly belonged to Haverly. The attaching creditor had a judgment against him. He issued his writ and he named as garnishees therein those who had the custody and control of that fund belonging to Haverly, against which neither of them had or pretended to have any adverse claim. It is true, of course, that before the service of the writ, DeWitt had drawn a check and mailed it to Haverly. Unless it can be successfully asserted that the drawing of that check was an assignment of that fund, it is difficult to see how it can have any effect whatever upon the transaction. But upon this proposition again the authorities in Pennsylvania are so numerous and so uniform that even a citation of them seems like a useless parade of learning. As we have already said, we do not feel called upon to consider what remedy Silvara & Co. may now have against Haverly or any other individual, but we are clearly of the opinion that they have established no right to take this fund as against the attaching creditor whose right to it had become fixed before Silvara & Co. had any knowledge of its existence or

any possible interest in it whatever. So far as the present issue is concerned, at least, they have voluntarily staked their right on their ability to take away this fund from the attaching creditor. As we view the case they have failed in this respect, and we must conclude that the learned court below fell into error in awarding the fund to them and entering judgment against the attaching creditor for costs.

The judgment is reversed and the record is now remitted to the court below with direction to award the fund to the attaching creditor and enter judgment accordingly.