## Mutual Trust Company *v.* Parrish et al., Appellants.

*Banks and banking—Checks—Collection—Mutual claims—Payments—Risk of distribution.*

1. Where a check given for full value is deposited in a bank, it becomes likewise a holder for value, even though, as between the maker and payee, there is an outstanding balance due the maker.

2. The law will enforce an express or implied agreement that a collection to be made is not to be applied to an outstanding indebtedness due the collector.

3. Mutual claims arising out of different transactions do not extinguish each other in whole or in part.

4. The right of a bank to be made whole out of a check deposited, is paramount to that of all other parties, if, after the deposit and without notice of any adverse claim, it has made payments on the faith thereof.

5. Where a bank has or may have a fund in its hands, over and above the amount due to it, to which there may be more than one claimant, it is not obliged to take the risk of distribution, but the parties will be required to take such steps as may be necessary to have their respective rights determined.

Argued January 16, 1923. Appeal, No. 141, Jan. T., 1923, by defendants, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1919, No. 4634, on verdict for plaintiff, in case of Mutual Trust Co. v. Morris L. Parrish et al., trading as Parrish & Company. Before FRAZER, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for amount of check. Before AUDENRIED, P. J.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for $14,905.95 for plaintiff.

Defendants appealed.

*Error assigned,* inter alia, was direction for plaintiff, quoting record.

*M. B. Saul,* of *Saul, Ewing, Remick & Saul,* with him *William E. Mikell, Jr.,* for appellant.—A defense of set-off which would be valid if a check were sued upon by the payee, is available against the endorsee who holds it as agent of the payee for collection: Mutual Trust Co. v. Huhn, 269 Pa. 348.

When a customer deposits a check in a bank and the bank credits his account with the amount thereof, the bank becomes merely the agent of the depositor for the collection of the check, while the depositor retains title to the instrument: Phœnixville Nat. Bank v. Bonsor, 38 Pa. Superior Ct. 275; Balbach v̄. Freylinghuysen, 15 Fed. 675; Hackett v. Reynolds, 114 Pa. 328; Commercial Bank of Penna. v. Armstrong, 148 U. S. 50; Thompson v. Bank, 150 U. S. 231.

Though a bank has a lien on checks on which it has advanced credit for the amount of an overdraft, and to that extent is a holder for value, it cannot therefore recover from the maker more than the overdraft in order to turn over the surplus to the payee's receiver in bankruptcy: Phœnixville Bank v. Bonsor, 38 Pa. Superior Ct. 275; Lightfoot v. Bunnell, 76 Pa. Superior Ct. 468.

*F. B. Bracken,* with him *A. Allen Woodruff* and *Morgan, Lewis & Bockius,* for appellee, cited: U. S. Nat. Bank v. McNair, 114 N. C. 335.

OPINION BY MR. JUSTICE SIMPSON, February 12, 1923:

Plaintiff sued defendants to recover the amount of a check for $12,900, given by the latter to Danser & Co., who had endorsed and deposited it with plaintiff, but which was refused payment, when presented to the bank upon which it was drawn. There were no facts in dispute; the court below directed a verdict for plaintiff for the full amount of its claim; judgment was entered thereon and defendants appeal.

The consideration for the check in suit, was the proceeds of the sale by defendants, for Danser & Co., of cer-

tain securities belonging to the latter. Although they were at that time indebted to defendants, as they still are, in the sum of $40,000, so far as appears no attempt was then made to defalk any part of this claim against the proceeds of the securities for which, as stated, the check was given.

At the close of business on August 12, 1919, Danser & Company's deposit account with plaintiff was overdrawn in the sum of $11,936.59. Early the next morning they deposited two checks in the account, one being that now in suit, and the other, one of Henry & Kirkbride for $9,000; a little later deposits were made aggregating $51,948. Subsequently, but on the same day, four checks aggregating $50,250.50, drawn by Danser & Co., to the order of defendants, and another small check of a few dollars, were paid by plaintiff out of the account, leaving in it a balance of $11,656.92, to the credit of Danser & Company. Still later on that day, Danser & Co., suspended payment, and shortly thereafter a receiver in bankruptcy was appointed for their estate. By the payment of the checks for $50,250.50, defendants got the benefit not only of the amount of the check in suit, but $37,350.50 in addition.

As already stated, plaintiff's check was dishonored when presented for payment, as also was that of Henry & Kirkbride for $9,000, in each case because of notice by the drawer not to pay it. With these two checks unpaid, the account showed a balance of $9,243.08 due to plaintiff. It thereupon brought the present suit, and a suit against Henry & Kirkbride on their check; while in turn the receivers in bankruptcy of Danser & Co. brought suit against plaintiff to recover any balance which would appear in the account after the suits on the checks were decided; this was the status of the matter at the time the present case was tried.

We are clearly of opinion that appellants have wholly misconceived their rights. There was no infirmity attached to their check; it was given for full value, was so

held by Danser & Co., and, a fortiori, by plaintiff: Section 52 Negotiable Instruments Act of May 16, 1901, P. L. 194, 202. Whether or not defendants, without the consent of Danser & Co., could have applied the proceeds of the sale of the securities of the latter on account of their outstanding indebtedness, need not be considered; but, as to this, see 31 Cyc. 1475-6; 2 Corpus Juris 739, 740. Certainly this could not have been done if there was an express or implied agreement that it should not be: President, etc., Middletown Turnpike Road v. Watson, 1 Rawle 330; Tagg v. Bowman, 99 Pa. 376; Same v. Same, 108 Pa. 276, 278. It is sufficient for present purposes, however, that defendants did not then exercise such right, even if they had it, but waived it by giving the check in suit; and, before they showed any desire to change the situation thus made by themselves, plaintiff's right had accrued.

Mutual claims, arising out of different transactions, do not extinguish each other, in whole or in part: Post v. Carmalt, 2 W. & S. 70; Gilmore v. Reed, 76 Pa. 462; Beaty v. Bordwell, 91 Pa. 438. Hence, when the check was received by plaintiff, it had, as against defendants, at least a prima facie right to recover the full amount of it. Admittedly this right existed to the extent of a sufficient sum to balance the account. How much would be required to accomplish this was not proved at the trial, and, for want of proper parties, could not have been allowed even if attempted.

Plaintiff was not obliged to take the risk of recovery from Henry & Kirkbride, in the suit on their protested check; the latter's right, so far as this record discloses, was at least equal to defendants'. Nor was plaintiff obliged to risk the result of the suit by the receiver of Danser & Co. What his equities were, if any, could not then be determined; all we know, from this record, is that if defendants had not received and sold the securities of Danser & Co., for which the check in suit was given, those securities would possibly have become part

of the assets of the bankrupt estate, and that the receiver claims the amounts of the checks of both defendants and Henry & Kirkbride, less the balance found to be due to plaintiff. Equity alone could determine all the questions involved; we are surprised its jurisdiction was not invoked.

It follows that the court below was powerless, at the trial of this case (as we are on this appeal), for want of proper parties, as well as for want of due proof, to determine to what extent, if at all, defendants are equitably entitled to a credit, because of the outstanding indebtedness of Danser & Co., to them. In affirming the judgment, however, we do so with a stay of proceedings for thirty days after the return of the record. If within that time defendants pay to plaintiff the full amount which the latter is entitled to retain to its own use, with interest and costs, within the same time apply to some court of competent jurisdiction to settle the rights of all the possible claimants to the balance of the judgment and interest, and thereafter proceed steadily and successfully to have the matter decided, the court below is authorized to extend the stay until those proceedings are ended. If such an application is not made, the stay shall determine at the expiration of the thirty days; if it is made and plaintiff paid as specified, the balance of the judgment, with interest and costs, shall be paid to the parties found in said proceedings to be entitled thereto, or to plaintiff, if said balance is not ordered to be paid to other parties.

Judgment affirmed with a stay of proceedings as and upon the terms in this opinion set forth.