## S. Catanzaro & Sons, Inc., *v.* Hellman Commercial Trust & Savings Bank, Appellant.

*Banks and banking—Deposits—Ownership of deposits—Prima facie evidence.*

1. The credit appearing on the books of a bank in favor of a particular depositor, is only prima facie evidence of the ownership of the fund deposited.

*Banks and banking—Deposit by consignee of proceeds of sale of consignor's goods—Action by consignor against bank—Attachment by consignor's creditors.*

2. Where a consignee sells the consignor's goods and deposits the proceeds in bank, the consignor may, in an action against the bank and the consignee, recover from the bank the amount of the deposit, provided there is a sufficient balance therein to pay the claim.

3. The attaching creditor of a consignor stands in his shoes and may, if no other rights have intervened, likewise assert, by garnishment proceedings duly issued and served, a right to the consignor's money in bank, though deposited by the consignee in his own account.

*Banks and banking—Check—Check as assignment of deposit—Acceptance of check by bank—Act of May 16, 1901, P. L. 194, 219.*

4. Under section 189 of the Negotiable Instruments Law of May 16, 1901, P. L. 194, 219, a check does not, of itself, operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder unless and

until it accepts or certifies the check. The rule in Pennsylvania was the same prior to the enactment of that statute.

5. A plaintiff having a claim upon a fund in bank, by virtue of an attachment against one who was the real owner although not the depositor, has a better right to the fund than the holder of an un-accepted and uncertified check, drawn upon the general bank account of the depositor.

*Practice, C. P—Feigned issue—Money paid into court—Parties —Trial before judgment for attaching creditor.*

6. It is bad practice to try a feigned issue as to the ownership of a fund paid into court, if one of the parties is the plaintiff in an attachment in which as yet no judgment has been entered; non constat but that the defendant in the attachment will ultimately recover judgment in that proceeding.

Argued October 14, 1924. Appeal, No. 128, Oct. T., 1924, by defendant, from judgment of C. P. Allegheny Co., July T., 1924, No. 1, for plaintiff on feigned issue, in case of S. Catanzaro & Sons, Inc., v. Hellman Commercial Trust & Savings Bank. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Judgment modified.

Feigned issue to determine ownership of fund paid into court. Before MACFARLANE, J.

The opinion of the Supreme Court states the facts.

Verdict for defendant on which the court entered judgment for plaintiff n. o. v. Defendant appealed.

*Error assigned* was, inter alia, order, quoting record.

*Harvey A. Miller,* of *Miller & Nesbitt,* for appellant.— Plaintiff, the attaching claimant, has no right to the fund in question as against the Hellman Commercial Trust & Savings Bank, the holder of the checks in due course: Fulweiler v. Hughes, 17 Pa. 440; Mutual Trust Co. v. Parrish, 276 Pa. 422; Holliday v. Potter, 80 Pa. Superior Ct. 194; Standard Bank of Canada v. Lumber Co., 77 Pa. Superior Ct. 222.

Commission merchant's bank account cannot be charged, impressed with a trust and attached, so as to defeat the rights of a holder of his check in due course and without notice of the attachment: Kieffer v. Ehler, 18 Pa. 388.

The lower court failed to make any distinction between a check in the hands of the payee presented for payment, and a check in the hands of a subsequent holder for value and in due course.

*Louis Caplan,* of *Sachs & Caplan,* for appellee.—Moneys received by a factor on the sale of his principal's goods are trust funds and, if these funds can be traced, they are subject to attachment by the principal's creditors: Farmers & Mechanics Nat. Bank v. King, 57 Pa. 202; Rockwell v. Silvara, 45 Pa. Superior Ct. 505.

As a check does not of itself operate as an assignment, the rights of an attaching creditor to a bank deposit are superior to those of the holder of checks drawn against that deposit but not presented for payment until after the attachment has been served: Clark v. Bank, 31 Pa. Superior Ct. 647; Tibby v. Bank, 220 Pa. 1; First National Bank v. Shoemaker, 117 Pa. 94; Maginn v. Bank, 131 Pa. 362.

The case at bar is squarely ruled by Rockwell v. Silvara, 45 Pa. Superior Ct. 505.

OPINION BY MR. JUSTICE SIMPSON, November 24, 1924:

Defendant appeals from a judgment in favor of plaintiff, in a feigned issue framed to determine which of the parties was entitled to a fund in court. The litigants agree that the facts are not in dispute; stating them most favorably to appellant, they are as follows:

A consignee sold several lots of goods belonging to his consignor; instead of sending the proceeds to the latter, the consignee deposited them in his own bank account, and sent the consignor five checks covering the amount. Before any of the checks were presented to the bank on

which they were drawn, but after three of them had been endorsed over to defendant, plaintiff issued and had served a foreign attachment against the consignor, making the bank and the consignee garnishees. Subsequently the other two checks were endorsed to defendant, which claims that as to all five of the checks it was an innocent holder for value, without notice of the foreign attachment. During all the time covered by these proceedings the consignee's bank account was more than sufficient to pay the amount due the consignor. When the checks were presented for payment, the bank refused to pay them, because of the pendency of the attachment, but set apart the fund in a special account, to await a determination of the rights of the parties; later, upon leave, it paid the fund into court, to await a decision of the relative claims of the parties under the feigned issue framed in this case.

Appellant pleaded that the money in court "was not and is not the property" of the consignor, and that as an innocent holder of the checks, for value and without notice of any adverse claim, it was entitled to the fund. Upon the issue thus made up,—and, of course, we can consider no other on this appeal,—we are clear that the court below was correct in deciding that the attaching creditor's right was superior to that of appellant.

The money in bank was the property of the consignor to the extent that it represented the proceeds of his goods, was his property, and could have been recovered by him, by a proper proceeding brought against the bank and the consignee, so long as there was a sufficient balance in the bank account to make good the amount (Webb v. Newhall, 274 Pa. 135) as there was at all times in the instant case. This being so, his attaching creditor, who stands in his shoes, may likewise assert the right to it in garnishment proceedings, duly issued and served, and, upon proper proof, may recover it from the bank, if no other rights have intervened, the credit on its books being only prima facie evidence of ownership: First

National Bank of Lock Haven v. Mason, 95 Pa. 113, 117; Hemphill v. Yerkes, 132 Pa. 545.

On the other hand, defendant, as against the bank, acquired no right to the funds in its hands, merely because of the ownership of checks, which had not been accepted or certified. Section 189 of the Negotiable Instruments Law of May 16, 1901, P. L. 194, 219, says that "A check, of itself, does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder unless and until it accepts or certifies the check." This was, indeed, the rule in Pennsylvania before the enactment of that statute: Maginn v. Dollar Savings Bank, 131 Pa. 362; see also Tibby Brothers Glass Company v. Farmers and Mechanics Bank, 220 Pa. 1, decided after its passage. It follows that, as plaintiff had a claim on the fund by virtue of the attachment, and defendant had none because of its mere ownership of the checks, the directed verdict for plaintiff was proper, and so it was held in Loyd v. McCaffrey, 46 Pa. 410, and Rockwell v. Silvara, 45 Pa. Superior Ct. 505.

The authorities relied upon by defendant are not in point. Fulweiler v. Hughes, 17 Pa. 440, was the case of a postdated check, and Kieffer v. Ehler, 18 Pa. 388, was that of a promissory note. In each the controversy related to the recovery of an indebtedness represented by a negotiable instrument, and was between the holder of the instrument, who obtained title thereto from the payee in due course, and an attaching creditor of the payee; it was correctly held that the holder had the better right. No question arose as to a lien upon or title to a particular fund. Here, however, this is the only question, and the dispute is between one who acquired a lien by his attachment, and the holder of a check, who, upon the basis of his plea, had no interest in or lien upon the particular fund, at the time the attachment was issued and served. Had the plea averred that the fund was the consignor's, appellant might, perhaps, have been

entitled to recover the amount of the three checks which were endorsed and delivered to it prior to the attachment, on the theory that they were muniments of title, transferring to the consignor his own property, and their endorsement and delivery to appellants was, in effect, an assignment of that title. We do not decide this point, however, because it is not before us. Appellants chose to aver that the fund belonged to the consignee, and based its claim entirely upon the checks, as checks, drawn upon the consignee's general account in the bank. As checks, however, for the reason already stated, no lien was acquired upon that account, because they had never been certified or accepted. Assuming, though not deciding, that the setting aside of the fund was equivalent to an acceptance, this occurred at too late a date to affect the prior attachment of appellee.

Mutual Trust Company v. Parrish, 276 Pa. 422, also cited by defendant, was a dispute between the maker of a check, who alleged he had a set-off as against the payee, and the bank in which it had been deposited by the payee, and which had paid out money on account of the deposit. Of course, under such circumstances, there could be no set-off as against the bank, and we so held.

But one other matter requires consideration. The consignor, as defendant in the foreign attachment, has filed an affidavit of defense to plaintiff's claim therein, and that controversy is still pending. In view of this, it was bad practice to try the feigned issue before judgment for plaintiff in the foreign attachment, for non constat but that a judgment for defendant will be recovered in that suit, in which event plaintiff would have no claim upon the fund, and the trial in the court below, and the argument here, will be wasted labor. Probably because its attention was not called to the status of the attachment proceedings, the court below entered the usual form of judgment in such feigned issues, viz, that "judgment be entered in favor of the plaintiff, and that it take the fund paid into court by

the William Penn Trust Company." Appellee admits the insertion of the last clause was an inadvertent error, and hence we shall amend the judgment accordingly, leaving to the court below the duty to properly distribute the fund, after the final disposition of the foreign attachment.

The judgment of the court below is modified by striking out the words "and that it [plaintiff] take the fund paid into court by the William Penn Trust Company," and, as thus modified, the judgment is affirmed.