## Parrish et al., Appellants, *v.* Mutual Trust Company et al.

*Banks and banking—Checks—Payments on faith of check—Purchaser for value.*

1. A bank which pays out large sums of money on the faith of a check deposited with it, is a purchaser for value of that check.

*Set-off—Mutual claims—Different transactions.*

2. Mutual claims arising out of different transactions do not extinguish each other in whole or in part.

*Evidence—Burden of proof—Decree.*

3. Where the party who has the burden of proof fails to establish a fact essential to his claim, a decree in regard thereto must be rendered against him.

Argued December 1, 1924. Appeal, No. 106, Jan. T., 1925, by plaintiffs, from decree of C. P. No. 4, Phila. Co., March T., 1923, No. 1999, dismissing bill in equity, in case of Morris L. Parrish et al., trading as Parrish & Co. v. Mutual Trust Company, a corporation, Edgar T.

Snipes, trustee in bankruptcy of Danser & Co., a corporation, Geo. A. Huhn et al., surviving partners of Samuel B. Huhn, deceased, who traded as Geo. A. Huhn & Sons and Patrick Henry and Pennell C. Kirkbride, copartners, trading as Henry & Kirkbride. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Bill for accounting. Before AUDENRIED, P. J.
The opinion of the Supreme Court states the facts. See Mutual Trust Co. v. Parrish, 276 Pa. 422.
Bill dismissed. Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting it.

*M. B. Saul,* of *Saul, Ewing, Remick & Saul,* with him *William E. Mikell, Jr.,* for appellant, cited: Bryan v. Bank, 205 Pa. 7.

*Reynolds D. Brown,* with him *Charles J. Biddle,* for appellee, cited: McKinley v. Wainstein, 81 Pa. Superior Ct. 596.

OPINION BY MR. JUSTICE SIMPSON, January 5, 1925:
The Mutual Trust Company sued Parrish & Co. to recover upon a check given by that firm to the order of Danser & Co. and by the latter deposited in the trust company, which, upon the faith of the deposit, paid out large sums of money upon checks drawn by Danser & Co. against their said account. A verdict and judgment having been entered therein in favor of the trust company, Parrish & Co. appealed to this court, and urged that the trust company was not entitled to recover anything; but, if this was not sustained, at the utmost it could get only the amount it expended because of the deposit of that check. We overruled both contentions; the latter because the other possible claimants, for so much of the judgment debt as was not needed to pay the

trust company, were not before the court, and hence the evidence in the suit was properly limited accordingly. In order to protect Parrish & Co. in any possible right they might have to that balance, we said (Mutual Trust Co. v. Parrish, 276 Pa. 422, 426): "It follows that the court below was powerless, at the trial of this case (as we are on this appeal), for want of proper parties, as well as for want of due proof, to determine to what extent, if at all, defendants are equitably entitled to a credit, because of the outstanding indebtedness of Danser & Co. to them. In affirming the judgment, however, we do so with a stay of proceedings for thirty days after the return of the record. If within that time defendants pay to plaintiff the full amount which the latter is entitled to retain to its own use, with interest and costs, within the same time apply to some court of competent jurisdiction to settle the rights of all the possible claimants to the balance of the judgment and interest, and thereafter proceed steadily and successfully to have the matter decided, the court below is authorized to extend the stay until those proceedings are ended. If such application is not made, the stay shall determine at the expiration of the thirty days; if it is made and plaintiff paid as specified, the balance of the judgment, with interest and costs, shall be paid to the parties found in said proceedings to be entitled thereto, or to plaintiff, if said balance is not ordered to be paid to other parties."

Upon the return of the record in that case, Parrish & Co. paid to the trust company a sum sufficient to make good the amount actually paid out by it, and then filed a bill in equity against it, the trustee in bankruptcy of Danser & Co., the surviving partners of George A. Huhn & Sons, and the members of the firm of Henry & Kirkbride, and averred that, the trust company having been thus paid in full, plaintiff was entitled to have the judgment satisfied of record. The trust company admitted it had been paid and submitted itself to the court; the trustee in bankruptcy averred he was entitled to the

balance of the judgment indebtedness, but did not file a cross-bill; and the two partnerships alleged they were entitled to prorate with plaintiff in regard to it, George A. Huhn & Sons also averring that, if this was overruled, the unpaid part of the judgment should go to the trustee in bankruptcy. The litigants agreed upon the facts, the court below decreed that the amount still due should be paid to the trust company, and Parrish & Co. again appealed.

The facts, some of which did not appear in the prior action, are as follows: Plaintiffs, and George A. Huhn & Sons, and Henry & Kirkbride, each gave checks to Danser & Co., although each of them had claims against the payee far in excess of the amount of the check. Plaintiffs' claim was unadjusted at that time, but its exact amount was determined later. All of the checks were endorsed without restriction and deposited with the trust company, which paid out large sums on the faith of the deposits, the greater part thereof being made to plaintiffs. On the day the checks were deposited Danser & Co. failed, whereupon each of the three parties stopped payment of its check. A few days later a trustee in bankruptcy was appointed for Danser & Co., and he sued the trust company to recover the balance of the Danser & Co. account. The trust company brought separate suits on the three checks; the one against Parrish & Co. was tried first, resulting in the judgment and appeal above-stated. Judgments were also recovered against the other two, and each of them paid the trust company the full amount thereof, without any reservation or stipulation in regard to the payment.

Appellants admit that if George A. Huhn & Sons and Henry & Kirkbride had not paid to the trust company the full amount of the judgments against them, appellants would have to prorate with them, by paying an additional amount to the trust company, before being entitled to have the judgment involved in this suit satisfied of record, the sum thus paid to be equitably apportioned

between George A. Huhn & Sons and Henry & Kirkbride. We have been given no legal reason, and we know of none, why the mere payment of the other judgments should deprive the payors of any equitable rights they might have, since it did not harm appellants, or cause them to change their position for the worse; but we do not deem it necessary to pursue this subject further, since their contention on the main question must fail.

As we pointed out on the prior appeal, Danser & Co. was a holder for value of appellants' check, representing, as it did, the price of stock belonging to Danser & Co. sold for them by appellants, and the fact that the latter had a claim against the former is a matter of no moment since "mutual claims, arising out of different transactions, do not extinguish each other, in whole or in part." Recognizing this rule of law, appellants base the claim they now make on the alleged fact that their check was deposited with the trust company for collection only, and hence the latter paid to its own loss, when it honored checks drawn by Danser & Co. on its deposit account, before the deposited check had been collected. At this point their contention wholly fails for want of proof of this averred fact. The bill in equity alleges the check was deposited for collection only, but this was distinctly and unequivocally denied in the answers of the trust company and of the trustee in bankruptcy. The burden of proof of establishing it was, therefore, on appellants, and no evidence was produced to sustain it. The court below, in its opinion, treats the case as if appellants' check had been desposited for collection, and nevertheless decides in favor of the trust company; we have no intention of going so far afield. We simply decide that appellants failed to establish this basic fact, as they were bound to do in order to succeed; hence their contention fell and their bill was properly dismissed.

Had the receiver in bankruptcy filed a cross-bill, it would have been the duty of the court below to decree that the judgment be marked to his use. The same result

will ultimately flow from the decree made, however, for when the trust company obtains the balance of the judgment debt, its duty will be to pay it to the receiver.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellants.