21407.  GASTON *et al. v.* JACKSON NATIONAL BANK *et al.*

STEPHENS, J.  1. An attachment against a nonresident may be sued out in any county in the State, and may be served in another county by summons of garnishment issued in that county and returnable in that county.  Civil Code (1910), §§ 5060, 5061, 5063, 5079, 5096, 5279.  It was no ground for the dismissal of a garnishment proceeding that the attachment proceeding upon which it was issued was sued out in another county.  Where, after the attachment had been served by summons of garnishment and the garnishee had answered admitting funds in possession, a judgment was rendered upon the attachment against the funds caught by the garnishment, the garnishment proceeding was not subject to dismissal upon the ground that the judgment on the attachment may have been illegal in so far as it also was a general judgment in personam against the defendant.

2. Where money belonging to a convict has been placed by him for safe keeping in the possession of the warden of the convict camp, and the warden has no right to its possession other than to keep it safely for the convict, the money is not, by reason of its being in the possession of the officer having the convict in charge, exempt from process of garnishment at the instance of a creditor of the convict.  28 C. J. 76; Commercial Exchange Bank *v.* McLeod, 65 Iowa, 665 (19 N. W. 329, 22 N. W. 919, 54 Am. R. 36); Coffee *v.* Haynes, 124 Cal. 561 (57 Pac. 482, 71 Am. St. R. 99).  See also Holker *v.* Hennessey, 141 Mo. 527 (42 S. W. 1090, 39 L. R. A. 165, 64 Am. St. R. 524).  The ruling in *Connolly* v. *Thurber*, 92 *Ga.* 651 (18 S. E. 1004), is distinguishable in that it was there held that money which had been taken under color of official authority from a prisoner without his consent by a police officer could not be reached by process of garnishment against the officer.

3. Where, upon the trial of an issue formed upon a traverse to the answer of a garnishee, the issue was as to whether a sum of money amounting to $1745, in the possession of the garnishee, was subject to garnishment as the property of the defendant, or was exempt from garnishment, and where the only evidence in support of the claim of exemption was that the garnishee, which was a bank, received the money on deposit from the warden of a convict camp in which the defendant was confined as a convict, that the warden had, at the request of the defendant, obtained the money, which belonged to the defendant, from the possession of the warden of another convict camp in which the defendant had been confined, but where it did not appear how the warden of the latter convict camp came into possession of the money, whether the defendant had voluntarily deposited it with him, or it had been taken from the defendant without his consent and against his will, or in accordance with any rule or law governing the conduct of the camp, and where the warden who deposited the money in the bank, deposited it in his own name as agent for the defendant, but deposited it as money belonging to the defendant, and at the time disclaimed to the bank any right, title, or interest in the money except to hold it for the benefit of the defendant, and although, under the rules for the government of the camp in which the defendant was confined, he was not allowed to have the money in

his physical possession, the evidence was insufficient to authorize the inference that the money had been taken from the defendant by the warden under "color of [the warden's] official authority and without the consent of" the defendant, and that, under the rule as announced in *Connolly* v. *Thurber*, supra, the money was not subject to be reached by process of garnishment at the instance of a creditor of the defendant. What would be the rule if the warden of the camp in which the defendant had formerly been confined as a convict under a rule governing the operation of the convict camp, or without such a rule, had taken the money from the defendant without his consent, is not decided.

4. The evidence authorizes the inference that the money in the possession of the garnishee bank belonged to the defendant and was subject to garnishment at the instance of a creditor of the defendant. This is true although the bank had, at the instance of the warden, changed the character of the deposit by placing it to the credit of the prison commission, the commissioners of roads and revenues of the county, the county warden, and the defendant, and although, under the ruling in *Trustees of Howard College* v. *Pace*, 15 *Ga.* 486, the warden and the others named may have had the right, as against the bank, to withdraw the funds from the bank before the bank was served with the summons of garnishment. 28 C. J. 118; Ferry *v.* Home Savings Bank, 114 Mich. 321 (72 N. W. 181, 68 Am. St. R. 487); Gaither *v.* Ballew, 4 Jones L. (49 N. C.) 488 (69 Am. D. 763); Simmons *v.* Almy, 100 Mass. 239; Raynes *v.* Lowell Irish Benevolent Society, 58 Mass. 343; Rockwell *v.* Silvara, 45 Pa. Super. Ct. 505; *Few* v. *Pou*, 32 *Ga. App.* 620 (124 S. E. 372). See also Rogers Locomotive &c. Works *v.* Kelley, 88 N. Y. 234.

5. Where an attachment was sued out on the ground as alleged in the affidavit for attachment and the declaration, that the defendant was a nonresident of the State (Civil Code of 1910, § 5055), and a summons of garnishment upon the attachment was served upon the warden of the county, the commissioners of roads and revenues of the county, and the bank, and where, after the three garnishees had answered, the answers of the commissioners of roads and revenues and the bank were traversed, but where the answer of the warden was not traversed, and where, upon the trial of an issue formed upon the traverses and the answers of the commissioners of roads and revenues and the bank, the uncontradicted evidence was as indicated above, and where neither the answer of the commissioners of roads and revenues, nor the answer of the bank, denied any indebtedness to the defendant or the possession of any money, property, or effects belonging to the defendant, except in so far as both answers admitted the receipt of the money by the warden from the defendant and its deposit in the bank by the warden, and denied that the fund was subject to process of garnishment and that the plaintiffs were entitled to recover against the garnishees, the court erred in directing a verdict for the commissioners of roads and revenues and the bank as garnishees.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*
DECIDED MARCH 3, 1932.

108

*Slaton & Hopkins,* for plaintiff.
*C. L. Redman, W. E. Watkins, Joel B. Mallet,* for defendants.