## Kassow v. Integrity Trust Company

*Abraham Wernick*, for plaintiff; *Samuel B. Fortenbaugh, Jr.*, for defendant.

FINLETTER, P. J., September 24, 1933.—Plaintiff is a depositor with defendant bank, having to her credit $5,281.28.

Demand was made by her for payment on June 30, 1933. The bank however had at that time notice of a claim to a part of the deposit, adverse to the depositor.

Under the law as it existed on June 30th, the bank was not obliged to pay the depositor, but could await the determination of the adverse claim: Hemphill et al. v. Yerkes, 132 Pa. 545; The Farmers' and Mechanics' Nat. Bank v. Ryan, 64 Pa. 236; S. Catanzaro & Sons, Inc., v. Hellman Commercial Trust & Savings Bank, 281 Pa. 468.

On July 3, 1933, the Banking Code of May 15, 1933, P. L. 624, was effective. It provides in section 905 that "notice to an institution of an adverse claim to a deposit standing on its books to the credit of any . . . person shall not be effectual to cause such institution to recognize such adverse claimant, unless such adverse claimant shall also procure either an attachment or a proper restraining order against the institution from a court of competent jurisdiction."

On July 6, 1933, that is after the code became effective, a new demand was made by the depositor. No restraining order issued, however, so that under the code it became the duty of the bank to recognize the depositor's claim.

The code was not retroactive nor, on the other hand, had any right been vested by the first demand in the claimant to insist upon the retention of the deposit by the bank. Prior to the operation of the code, the effect of the first demand was to hold the deposit in the hands of the bank. The situation, when the second demand was made, was simply that a deposit existed in the hands of the bank, and it had notice of an adverse claim but nothing had been done which would prevent the bank's paying its depositor.

The previous notice and (then) lawful retention of the deposit by the bank operated as long as the old law applied. But the new law, operating on the situation that existed when the second demand was made, required payment. It is unimportant that until the second demand was made the bank was not obliged to pay. The claimant acquired no right by making the first demand that would prevent the operation of the new law. The best that can be said in favor of claimant is that she had warned the bank to pay at its peril. But the peril was removed by the code. After its passage the claimant had the same rights she had before but she was required to act in the way provided by the code to preserve them, that is, to cause a restraining order to issue.

We are of opinion that the first demand was no longer effective after the passage of the code and the new demand; and that, in the absence of a restraining order, the bank may and should ignore the adverse claim and pay its depositor.

The rule for judgment should therefore be made absolute.